UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------x
UNITED STATES OF AMERICA　　　　　:　　Crim. No. 3:23CR198 (VDO)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
AURELIA CAROLINA LARA-DIAZ　　　　:　　November 9, 2023
　　　　　　　　　　　　　　　　　　　　　　　　:
----------------------------------------------------x

### FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

A hearing pursuant to Fed. R. Crim. P. 11 was conducted on November 8, 2023, in person and on the record, with the aid of a Spanish interpreter and with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to waive indictment and to enter a plea of "Guilty" to Count One of an Information charging her with Possession with Intent to Distribute and Distribution of Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement, I find the following:

- That the defendant understands she was under oath and, that to the extent she provides any false statements, she understands she may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands her right to plead not guilty, and having already so pleaded, her right to persist in that plea;

- that she understands the nature of the charge against her in Count One of the Information

1

to which she pleaded guilty;

- that the defendant understands her right to indictment by Grand Jury and that she knowingly and voluntarily waived that right and consented to proceeding by Information.

- that she knows she has the right to be represented by counsel at trial and at every other stage of the proceedings, and, if necessary, have the court appoint counsel at no cost to her, and is satisfied with her current counsel;

- that she understands her right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that she understands she would be giving up these rights if she pleaded guilty and the Court accepts that plea;

- that she knows the maximum possible sentence that could be imposed, including the maximum possible terms of imprisonment and supervised release, the mandatory minimum period of supervised release applicable to the offense of conviction, the consequence of a violation of supervised release, the maximum potential fine that could be imposed, and the mandatory special assessment of $100.00.  She also understands that the Court has the authority to order restitution and forfeiture, though the government represented that restitution and forfeiture are not specifically at issue in this matter.

- that she knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that she understands the potential immigration consequences of a felony conviction since she is not a United States citizen and still wished to plead guilty, and that she understands the other collateral consequences of a felony conviction;

- that she knows she will not be permitted to withdraw her plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than she anticipates;

- that she understands her right to appeal, including limitations placed on that right by the terms of a waiver in her plea agreement, and that such waiver was knowing and voluntary;

- that she understands the terms of the plea agreement into which she has entered with the government;

- that the defendant understands the elements of the offense to which she pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made, are of her own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are no parties who had rights in regard to this proceeding under 18 U.S.C. § 3771.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count One of the Information, that is, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), be accepted.

Dated this 9th day of November, 2023, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge